**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 2014-cv-1669-RBJ-MJW

PURAC AMERICA INCORPORATED, an Illinois corporation.

    Plaintiff,

v.

BIRKO CORPORATION, a Colorado corporation,

    Defendant.

## ORDER PROTECTING CONFIDENTIAL INFORMATION

Pursuant to Fed. R. Civ. P. 26(c), this Order shall govern the handling of Confidential Discovery Material in this case.

## RECITALS

A.    The parties may exchange through discovery in this case documents or information that is confidential and concerns trade secrets, proprietary information, sensitive third-party information, or other business or financial information that is not publicly available, and, therefore, entitled to protection under Fed. R. Civ. P. 26(c)(1)(g).

B.    Nothing in this Order is intended, nor shall it be construed, as either a waiver of any dispute as to whether, or an admission that, any documents or information are confidential and concern trade secrets, proprietary information, sensitive third-party information, or other business or financial information that is not publicly available. Likewise, nothing contained in this Order is intended, nor shall it be construed, as a waiver of any legal privilege or work product protection to which a party may be entitled.

C. Counsel for both parties have reviewed the Court's Practice Standards and will comply with them.

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

**"Discovery Material"** means all documents, depositions, deposition exhibits, responses to any discovery requests (including responses to interrogatories, document requests and requests for admissions), inspections, examinations of premises, facilities and physical evidence, witness interviews, and any other information produced pursuant to the Federal Rules of Civil Procedure or otherwise given or exchanged by or between the parties and/or persons or entities that are not parties to this action.

**"Confidential Discovery Material"** means Discovery Material designated as "Confidential" or "Attorneys' Eyes Only" under the terms of this Order that is confidential and concerns trade secrets, proprietary information, sensitive third-party information, or other business or financial information that is not publicly available.

**"Producing Party"** means any party or non-party to this action producing Discovery Material who wishes to designate or has designated Discovery Material as Confidential Discovery Material.

## TERMS

### Confidential Discovery Material.

1. Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Order when, in the good faith judgment of the Producing Party, it contains information that is confidential and concerns trade secrets, proprietary information,

-3-

sensitive third-party information, or other business or financial information that is not publicly available.  Notwithstanding anything contained in this Order, the burden shall be and remain on the Producing Party to demonstrate, when and if challenged, that any such designated Discovery Material is confidential and concerns trade secrets, proprietary information, sensitive third-party information, or other business or financial information that is not publicly available.

2. Any Producing Party may designate any Discovery Material as "Attorneys' Eyes Only" under the terms of this Order when, in the good faith judgment of the Producing Party, it contains particularly sensitive, non-public, and confidential information that the Producing Party believes in good faith cannot be disclosed without threat of competitive injury, because such Discovery Material contains proprietary or commercially sensitive information.  This designation shall be used as sparingly as possible.  Any document, material, or information designated by a party as "Attorneys' Eyes Only" must be reviewed by an attorney.  Notwithstanding anything contained in this Order, the burden shall be and remain on the Producing Party to demonstrate, when and if challenged, that any such designated Discovery Material contains particularly sensitive, non-public, and confidential information that the Producing Party believes in good faith cannot be disclosed without threat of competitive injury.

3. Confidential Discovery Material shall not be disclosed or used for any purpose except in pretrial discovery, at the trial, or in preparation for trial, or for any appeals of this action.

4. Individuals authorized to review Confidential Discovery Material pursuant to this Order shall hold such information in confidence and shall not divulge the information, either

verbally or in writing, to any other person, entity, or government agency unless authorized to do so by law or court order.

5.   No third parties authorized under Paragraphs 8(c), (d), (e), (f), and (g) of this Order to receive access to Confidential Discovery Materials shall be granted such access until such person agrees in writing to keep the parties' information confidential by signing a copy of the Undertaking attached as <u>Exhibit A</u> to this Order.  The original copy of each such Undertaking shall be maintained by counsel for the party that seeks to disclose Confidential Discovery Materials to such persons.  Further, each recipient of Confidential Discovery Materials shall not make any copies of or notes concerning such information for any purpose whatsoever, except for the purpose of prosecuting or defending this lawsuit.

**<u>Designation Procedures.</u>**

6.   Any Producing Party may designate Discovery Material as "Confidential" or "Attorneys' Eyes Only" for the purposes of this Order in the following manner:

(a)   In the case of documents or other materials (apart from interviews, depositions or pretrial testimony), by stamping each and every page of the same with the legend "Confidential" or "Attorneys' Eyes Only."

(b)   In the case of depositions or other pretrial testimony, by counsel's statement on the record, at the time of such disclosure, that the testimony is "Confidential" or "Attorneys' Eyes Only."  Or, in the alternative, a Producing Party may also designate testimony by written notice from its counsel to the court reporter and counsel of record for the other party, specifying by page and line number the material to be designated and the designation assigned.  To be effective, any such written notice must

be sent within 30 days of the date on which the reporter mails a copy of the transcript to counsel for the Producing Party, or, if that counsel has not ordered a transcript, within 30 days of the date on which the reporter notifies counsel that the original transcript is available for review. In either event, counsel shall direct the court reporter and/or counsel to affix the appropriate confidentiality stamp to any portion of the original transcript, and to that portion of all copies of the transcript, containing Confidential information or Attorneys' Eyes Only information and those portions of the transcript so designated shall be Confidential Discovery Material. If and to the extent the transcript includes copies of documents previously designated as Confidential or Attorneys' Eyes Only, the Producing Party need not make any other or further designation as to those documents.

During the 30-day designation period to which the preceding paragraph refers, the parties will treat all of the deposition testimony and attached materials (at least to the extent the parties have not previously agreed this information is not "Confidential") as "Confidential" absent some other agreement of the parties, designation of the deposition testimony and attached materials as "Attorneys' Eyes Only" on the record, or an appropriate Court Order.

(c) In the case of any other production of Discovery Materials not otherwise covered by this Order, a written statement made by counsel for the Producing Party to counsel for the other parties to this case, that such Discovery Material or any portion thereof is "Confidential" or "Attorneys' Eyes Only."

  (d) The parties to this Order may modify the procedures set forth in Paragraph 6(b) through the agreement of counsel on the record at such deposition without further order.

7. The parties agree that any such designations shall be reasonably limited both in subject matter and in time, and, where reasonably possible, shall be tailored to allow the maximum unfettered use of the particular material.

**Limitations on Access to "Confidential" Material.**

8. Discovery Material designated as "Confidential" may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

  (a) The Court in accord with the terms and conditions of this Order, persons the Court employs, and stenographers and/or court reporters transcribing the testimony or argument at a hearing, trial or deposition in this case or any appeal taken in this case;

  (b) Any named party and its employees reasonably and necessarily involved in prosecuting or defending this case;

  (c) Any counsel to any named party who have entered an appearance in this case; in-house counsel; legal, clerical, paralegal and secretarial staff employed or retained by outside or in house counsel; and third parties those counsel or their staff have retained to provide litigation support services (including, for example, outside copying services);

  (d) Experts or consultants the parties or counsel have retained in connection with this case, but only to the extent reasonably necessary to assist counsel in the prosecution or defense of this case;

(e) Deposition witnesses questioned by counsel of record in this case, but only to the extent reasonably necessary to assist counsel in the prosecution or defense of this case;

(f) An author or recipient of the Confidential Discovery Material to be disclosed, summarized, described, characterized or otherwise communicated or made available, and which author or recipient is not currently an employee of a party, but only to the extent reasonably necessary to assist counsel in the prosecution or defense of this case; and

(g) Mediators, arbitrators, or similar outside parties and their staffs that all of the parties enlist to assist in the resolution of this matter.

**Limitations on Access to "Attorneys' Eyes Only" Material.**

9. Access to and disclosure of "Attorneys' Eyes Only" Discovery Material marked and identified in accordance with this Protective Order shall be limited solely to the Court, its officers and its clerical staff and to the Authorized Personnel listed in Paragraph 8, with the exception that no "Attorneys' Eyes Only" Discovery Material shall be provided, shown, or made available to the persons identified in Paragraph 8(b) except for a party's in-house attorneys pursuant to Paragraph 8(c). "Attorneys' Eyes Only" Discovery Material shall not be provided, shown, made available, or communicated in any way to any person or entity other than provided for in this paragraph.

**Designation Disputes.**

10. A party may object to the designation of any Discovery Materials as "Confidential" or "Attorneys' Eyes Only" by giving written notice to the Producing Party.

11. If any party timely objects to the designation of any Discovery Materials as "Confidential" or "Attorneys' Eyes Only," the parties shall attempt to resolve the dispute in good faith on an informal basis. If they are unable to resolve the dispute informally within twenty (20) business days after the notice is received, the Producing Party must file an appropriate motion within ten (10) business days after the end of the informal resolution period requesting that the Court determine whether the Discovery Materials should be subject to the terms of this Order. If the Producing Party makes such a motion, the Discovery Material shall continue to be treated as it was designated (either "Confidential" or "Attorneys' Eyes Only," as applicable) under the terms of this Order, unless and until the Court rules on the motion and directs some other treatment. If the Producing Party fails to file such a motion within the prescribed time, the disputed information or materials shall lose their designation and shall not thereafter be treated as confidential in accordance with this Order.

12. In any proceeding to release Confidential Discovery Material from its designation, or to change the designation of any such material, the burden shall be upon the Producing Party to sustain the burden of establishing the appropriateness of the classification under Fed. R. Civ. P. 26(c)(1)(G). A dispute concerning confidentiality shall not otherwise impede the progress of discovery.

**Submission of Confidential Discovery Materials to Court.**

13. Any Confidential Discovery Material filed with the Court for any purpose must be filed with restricted access in compliance with D.Colo.LCivR. 7.2 and the Court's Practice Standards. In the event that any Confidential Discovery Material is used in any live proceeding

or appeal regarding this action, counsel shall confer in good faith on those procedures necessary to protect the confidentiality of any such material used in the course of any such proceedings.

**Other Use of Confidential Discovery Material.**

14.     No copies of Confidential Discovery Materials shall be made except by or on behalf of the persons listed in Paragraph 8(a)-(d).  To the extent such authorized persons require copies of Confidential Discovery Materials, any such copies shall be made and used solely for the purposes of this case and in accordance with the provisions of this Order.

15.     The use of Confidential Discovery Material in this case shall not prejudice in any way the rights of any person to petition the Court for such further protective measures as may be necessary to protect the confidentiality of those materials.

16.     The provisions of this Order shall, absent written permission of a Producing Party or further order of the Court, continue to be binding throughout and after the termination of this case, including, without limitation, any appeals.  Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation in which Confidential Discovery Material was disclosed, all persons having received Confidential Discovery Material shall either return those materials and all copies thereof (including summaries and excerpts) to the Producing Party (or its counsel), or destroy all Confidential Discovery Material and certify in writing to the Producing Party (or its counsel) that the required destruction has occurred. Notwithstanding the preceding provisions, counsel for the parties shall be entitled to retain litigation papers, deposition and trial transcripts, and attorney work product that contain Confidential Discovery Material or references thereto; provided, however, that counsel, and employees of counsel, shall not disclose to any person nor use for any purpose unrelated to this

case any such litigation papers or attorney work product except pursuant to further order of this Court or agreement with the Producing Party.

17. If any person receiving and in the possession, custody or control of Confidential Discovery Material is served with a subpoena, demand, or any other legal process seeking the production or other disclosure of Confidential Discovery Material by any person or entity not a party to this case (or not the Producing Party with respect to the Confidential Discovery Material sought), the receiving party shall give prompt written notice to the Producing Parties, by hand delivery or facsimile transmission within two business days of its receipt of the subpoena, demand or legal process. The Producing Party shall be solely responsible for seeking any relief or protection from any subpoena, demand or legal process seeking Confidential Discovery Material, and shall also be solely responsible for any costs and attorneys' fees the Producing Party incurs in any proceedings relating to any such subpoena, demand or legal process.

18. In the event additional parties join or are joined in this case, or additional or different counsel enter an appearance, they shall not be given access to Confidential Discovery Material until the newly joined party, by its counsel, or the newly appearing counsel, as the case may be, has executed the Undertaking and provided a copy of same to all other counsel in this case.

19. Neither this Order, the production or receipt of Confidential Discovery Material under this Order, nor otherwise complying with the terms of this Order, shall:

    (a) Prejudice in any way the rights of the parties to object on grounds of privilege, relevance, or otherwise to the production of documents or other information they consider not subject to discovery; operate as an admission by any party that the

restrictions and procedures set forth in this Order constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material; or control the determination of any motion a party may bring pursuant to Rules 26 or 37 of the Federal Rules of Civil Procedure;

(b) Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document (or portion thereof), testimony or other evidence subject to this Order;

(c) Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any confidential information the Producing Party asserts it requires or should be subject to other or further protection;

(d) Prevent the parties to this Order from agreeing in writing, with the consent of the Producing Party, to alter or waive the provisions or protections provided for in this Order with respect to any particular Confidential Discovery Material; or

(e) Prejudice in any way the rights of a party to contest the designation of any Discovery Material as "Confidential" or "Attorneys' Eyes Only."

20. Nothing in this Order shall prevent any party to this case from using, for any purpose and in any manner, Confidential Discovery Material that party produced and designated as Confidential Discovery Material in connection with this case.

21. Nothing in this Order shall preclude any party from filing a motion seeking further or different protection from the Court under the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Discovery Material shall be treated at the trial.

22. This Order shall become effective as a stipulation among the parties immediately upon its execution by all who are listed as signatories hereto, notwithstanding the pendency of approval by the Court. Each signatory is signing on behalf of himself or herself, as well as the party he or she represents.

APPROVED:

| | |
|---|---|
| */s/ David C. Holman* | */s/ Sarah B. Wallace* |
| Kenzo S. Kawanabe | Sarah B. Wallace |
| Chad D. Williams | Andrew J. Petrie |
| David C. Holman | Ballard Spahr, LLP |
| Davis Graham & Stubbs LLP | 1225 17th Street, Suite 2300 |
| 1550 17th Street, Suite 500 | Denver, CO 80202 |
| Denver, CO 80202 | Telephone: (303) 292-2400 |
| Telephone (303) 892-9400 | |
| | *ATTORNEYS FOR DEFENDANT* |
| *ATTORNEYS FOR PLAINTIFF* | *BIRKO CORP.* |
| *PURAC AMERICA INC.* | |

DATED this 20th day of October, 2014.

BY THE COURT:

R. Brooke Jackson
District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No. 2014-cv-1669

PURAC AMERICA INCORPORATED, an Illinois corporation.

 Plaintiff,

v.

BIRKO CORPORATION, a Colorado corporation,

 Defendant.

## UNDERTAKING PURSUANT TO ORDER GOVERNING
## THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL MATERIAL

  1. I have read the foregoing Order dated _____, 2014, that governs the treatment of Confidential Discovery Material in the action captioned above (the "Litigation").

  2. I have been informed that materials being shown or provided to me contain information that has been designated Confidential Discovery Material, as defined in the Order.

  3. I hereby represent that I have not divulged, and will not divulge, or undertake to divulge, any Confidential Discovery Material except as authorized in the Order. I further represent that I will not use any Confidential Discovery Material for any purpose other than the Litigation, and that, at the termination of the Litigation, I will return all Confidential Discovery Material with which I have been provided to the counsel from whom I received such Discovery Material.

  4. If I am in the possession, custody or control of Confidential Discovery Material and am served with a subpoena, demand, or any other legal process seeking Discovery Material by a person not a party to this action, I shall give prompt written notice, by hand or facsimile

transmission within forty eight hours of receipt of such subpoena, demand or legal process, to the Producing Party, and shall, unless otherwise ordered by a Court, decline to produce the Discovery Material on the basis of the existence of this Order.

5. I hereby agree to abide by the terms of the Order.

6. For the purposes of enforcing the terms of the Order only, I hereby submit to the jurisdiction of the United State District Court for the District of Colorado.

Printed Name:

DATED: Signature: